16152.   HOLLIDAY *v.* ELBERTON LOAN AND SAVINGS
BANK.

The defense that the plaintiff was not an innocent purchaser, before
maturity, of the notes sued on is not sufficiently made by the defend-
ant's plea.  The averment of notice by publication in a newspaper of
his defense to the notes is insufficient as against the special demurrer;
and the court did not err in striking the answer.

DECIDED MAY 14, 1925.

Complaint; from city court of Athens—Judge Bradwell.  No-
vember 29, 1924.

The allegation as to notice was demurred to on the ground that
"it fails to specify or name to what officer or officers of plaintiff
bank said alleged newspaper notice was 'brought home,' or how
or in what manner it was 'brought home' to plaintiff or any of
its officers or agents.  Said plea fails to allege that any officer of
plaintiff bank saw said notice, or read it, or knew of it.  Said plea
fails to show that the particular officer who bought said notes saw
said notice, or knew of it, before taking said notes."

*West & West,* for plaintiff in error.

*Tutt & Brown, W. K. Meadow,* contra.

LUKE, J.  Elberton Loan & Savings Bank bought from W. O.
Jones two promissory notes executed by Paul L. Holliday.  The
consideration of the notes, as shown by a contemporaneous con-
tract in writing, was one automobile.  To an action on the notes
Holliday pleaded, in substance, that the automobile was not as
represented, and could not be operated with any satisfaction, for
several reasons which he named; that the Elberton Loan & Sav-
ings Bank was not an innocent purchaser before maturity, because
he had published in a named newspaper of the city of Elberton,
where the plaintiff resided, "a notice putting all persons on notice
not to trade for or otherwise invest in said notes, as the same were
uncollectible and the consideration of the same had totally failed,
which notice was brought home to the plaintiff, its officers in charge
of said banking institution," and because the notes were purchased
from a rival in business, and because of interlineations, erasures,
or substitutes of numbers in the contract which described the auto-
mobile.  The court sustained demurrers to the answer and it was
stricken.

The court properly sustained the demurrer to the answer.  The

answer was insufficient to show that the Elberton Loan & Savings Bank was not an innocent holder of the notes sued upon, for value before maturity. The averment of notice by publication in a newspaper of the defenses that would be urged to the notes was wholly insufficient to withstand the special demurrer thereto. By law the plaintiff was entitled to the judgment which it received against the defendant.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*